UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCAL 191 I.B.E.W. JOINT TRUST FUNDS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MINDRAY MEDICAL INTERNATIONAL LIMITED, et al.,<br><br>Defendants. | Civil Action No. 1:11-cv-05021-NRB<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF LOCAL 191 I.B.E.W. JOINT TRUST FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

Proposed lead plaintiff Local 191 I.B.E.W. Joint Trust Funds ("Local 191") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I. INTRODUCTION

This action was brought on behalf of purchasers of Mindray Medical International Limited (the "Company" or "Mindray") American depositary shares ("ADSs") during the period between January 11, 2010 and August 9, 2010 (the "Class Period") against Mindray and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").

The Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Local 191 should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Local 191's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

The Company describes itself as a leading developer, manufacturer and marketer of medical devices worldwide. During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (a) that the Company was experiencing declining sales domestically, as a result of a lack of Chinese government tenders and a

slowdown in non-tender Chinese sales; (b) that the Company's sales of its diagnostics and ultrasound equipment were not performing according to internal expectations; (c) that the Company was finding increased competition in penetrating the market for larger hospital systems in China; and (d) that, as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

In June and July 2010, information leaked into the market concerning issues with Mindray's business and operations, and the price of Mindray ADSs declined during this time period. Then, on August 9, 2010, Mindray announced its financial results for the second quarter of 2010, the period ended June 30, 2010. For the quarter, the Company reported net revenues of $179.2 million, net income of $42.3 million and basic and diluted earnings per share were $0.37 and $0.36, respectively. In reaction to the Company's announcement, the price of Mindray ADSs fell $5.15 per ADS, or 16%, to close at $27.35 per ADS, on August 10, 2010.

## III. ARGUMENT

### A. Local 191 Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Local 191 meets each of these requirements and should therefore be appointed as lead plaintiff.

**1. This Motion Is Timely**

The notice published on July 21, 2011 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from July 21, 2011, or September 19, 2011. *See* Declaration of David A. Rosenfeld in Support of Local 191 I.B.E.W. Joint Trust Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. This Motion is therefore timely filed and Local 191 is entitled to be considered for appointment as lead plaintiff.

**2. Local 191 Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, Local 191 lost approximately $11,983 due to defendants' misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Local 191 satisfies the PSLRA's prerequisite of having the largest financial interest.

**3. Local 191 Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "The Rule 23 inquiry under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires." *Linn v. Allied Ir. Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 U.S. Dist. LEXIS 24655, at *13 (S.D.N.Y. Dec. 8, 2004). "At this stage in the

litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." *Id*. at *13-*14 (citation omitted).

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Id*. at *14 (citation omitted). Local 191 satisfies this requirement because, just like all other proposed class members, it purchased Mindray ADSs during the Class Period in reliance upon the false and misleading statements issued by defendants and suffered damages thereby, as did the other members of the purported class. *See* Rosenfeld Decl., Ex. B; *Linn*, 2004 U.S. Dist. LEXIS 24655, at *15. Thus, Local 191's claims "arise from the same factual predicate" as those of other class members and the Court should find Local 191 "satisfies Rule 23's typicality requirement." *Id.*

"The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Id*. at *15-*16. Local 191 also satisfies the adequacy requirement. Local 191 has demonstrated its ability and willingness to prosecute this action by filing its certifications as well as by retaining qualified counsel. *See* Rosenfeld Decl., Exs. B, D. Local 191 is not subject to unique defenses and there is no evidence that Local 191 "seeks anything other than 'the greatest recovery for the class consistent with the merits of the claims.'" *Linn*, 2004 U.S. Dist. LEXIS 24655, at *17 (citation omitted).

Thus, Local 191 satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B. The Court Should Approve Local 191's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Local 191 has selected Robbins Geller to serve as lead counsel. *See* Rosenfeld Decl., Ex. D. Robbins Geller "possess[es] extensive experience in the area of securities litigation," and "have successfully prosecuted numerous securities fraud class actions." *City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *10 (N.D. Cal. Oct. 26, 2009). As such, the Court should find that Robbins Geller is "well qualified to serve as lead counsel in this matter." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *18 (S.D.N.Y. July 8, 2008). Accordingly, Local 191's selection of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

Local 191 satisfies each of the PSLRA's requirements for appointment as lead plaintiff. As such, Local 191 respectfully requests that the Court appoint Local 191 as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED: September 19, 2011

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 19, 2011.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:11-cv-05021-NRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com
- **Jonathan Rosenberg**
  jrosenberg@omm.com,#nymanagingattorney@omm.com
- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com
- **Michael John Walsh**
  mwalsh@omm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)